1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

RICHARD THACKER,             )
                                         )

                Plaintiff,      )     Case No.: 2:20-cv-01440-GMN-DJA

     vs.                      )

                                     )         **ORDER**

DAWN JONES, *et al.*,        )

                                   )

            Defendants.    )

_____)

Pending before the Court is the Motion for Reconsideration, (ECF No. 40), filed by Plaintiff Richard Thacker ("Plaintiff").  Defendants Dawn Jones, Gregory Martin, Michael Minev, Tedoro Manalang, Gregory Bryan, and Martin Naughton (collectively, "Defendants") filed a Response, (ECF No. 41).  Plaintiff did not file a Reply, and the time to do so has passed.

For the reasons discussed below, the Court **DENIES** Plaintiff's Motion for Reconsideration.

## I.    <u>BACKGROUND</u>

This case arises from Defendants alleged deliberate indifference to Plaintiff's serious medical needs while Plaintiff was incarcerated at High Desert State Prison ("HDSP") and Ely State Prison ("ESP"). (*See generally* Compl., ECF No. 1).  Specifically, Plaintiff claims that from November 1, 2018, to July 27, 2020, Defendants denied him direct-acting antiviral ("DAA") drugs to treat his Hepatitis-C infection ("HCV"). (*Id.* ¶¶ 20–26).  On January 6, 2023, the Court entered an Order, (ECF No. 36) granting Defendants' Motion for Summary Judgment, (ECF No. 24).  On February 15, 2023, Plaintiff filed the instant Motion for Reconsideration, (ECF No. 40).  The Court discusses Plaintiff's Motion for Reconsideration below.

## II.    LEGAL STANDARD

Although not mentioned in the Federal Rules of Civil Procedure, motions for reconsideration may be brought under Rules 59 and 60.  Rule 59(e) provides that any motion to alter or amend a judgment shall be filed no later than 28 days after entry of the judgment.  The Ninth Circuit has held that a Rule 59(e) motion for reconsideration should not be granted "absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

Under Rule 60(b), a court may, upon motion and just terms, "relieve a party . . . from a final judgment," on the ground that the "judgment is void[.]" Fed. R. Civ. P. 60(b)(4).  A judgment is "void only if the court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or if the court acted in a manner inconsistent with due process of law." *In re Ctr. Wholesale, Inc.*, 759 F.2d 1440, 1448 (9th Cir. 1985).  Additionally, under Rule 60(b), a court may relieve a party from a final judgment, order or proceeding only in the following circumstances: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reason justifying relief from the judgment. *Stewart v. Dupnik*, 243 F.3d 549, 549 (9th Cir. 2000).  Rule 60(b) relief should only be granted under "extraordinary circumstances." *Buck v. Davis*, 137 S. Ct. 759, 777, 197 L. Ed. 2d 1 (2017).

## III.    DISCUSSION

Here, Plaintiff alleges that reconsideration is necessary because Defendants' held him in disciplinary detention and deprived him of his relevant "legal files" until after the Court issued

its Order granting Defendants summary judgment.[1] (Mot. Reconsideration at 1–2).  However, Plaintiff did not attach the legal files Defendants allegedly deprived him of to his Motion. (*See generally id.*).  This is significant for two reasons.  First, the Court is unable to confirm the veracity of Plaintiff's allegations without concrete evidence supporting his argument.  Second, even taking as true that Defendants' deprived Plaintiff of legal files, the Court must then examine the purported legal files to determine if would affect the outcome reached in the Court's previous Order.  Unless and until Plaintiff provides the records Defendants allegedly withheld, it is unable to determine whether reconsideration is appropriate.

In sum, Plaintiff's Motion for Reconsideration, as currently filed, does not present circumstances that would justify granting reconsideration.  The Court advises Plaintiff that if he chooses to file another motion for reconsideration, he must attach exhibits supporting his claim.  Accordingly, Plaintiff's Motion for Reconsideration is DENIED.

///

///

///

///

///

///

---

[1] Plaintiff further contends "this Court closed this case do to Plaintiff's where abouts to be unknown." (Mot. Reconsideration at 1).  Liberally construing this argument, it appears that Plaintiff believes the Court did not address Defendants Motion for Summary Judgment on the merits, instead granting the Motion because Plaintiff failed to timely update his mailing address in violation of Local Rule IA 3-1.  Local Rule IA 3-1 specifies that a "*pro se* party must immediately file with the [C]ourt written notification of any change of mailing address" and that the "[f]ailure to comply with this rule may result in the dismissal of the action[.]" *Id*.  Here, Plaintiff filed a Notice of Change of Address, (ECF No. 38), three days after the Court's Order was entered. (*See generally* Order).  The Order and Judgment in favor of Defendants, (ECF No. 37), was returned to the Court as undeliverable because it was sent to Plaintiff's outdated address. (Mail Returned at 1, ECF No. 39).  Plaintiff's confusion, while understandable, is misplaced.  Defendants' Motion for Summary Judgment was fully briefed, and the Court's Order addressed the merits of the parties' arguments. (*See generally* Order).  In light of Plaintiff's Motion for Reconsideration, the Court will send Plaintiff a copy of the Order and Judgment to his new address.

1    IV.    **<u>CONCLUSION</u>**

2         **IT IS HEREBY ORDERED** that the Plaintiff's Motion for Reconsideration, (ECF No.

3    40), is **DENIED.**

4         **IT IS FURTHER ORDERED** that the Clerk of Court is instructed to send Plaintiff a

5    copy of the Order, (ECF No. 36), and Judgment, (ECF No. 37), to the updated address included

6    in Plaintiff's Notice of Change of Address, (ECF No. 38).

7         **DATED** this __29__ day of March, 2023.

8

9    _____

10   Gloria M. Navarro, District Judge
     United States District Court

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25